## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (Chapter 7 Case) |
| ANTHONY JOSEPH INSERRA, | No. 2:24-bk-00875-PS |
| Debtor. | **ORDER APPROVING STIPULATED APPLICATION TO COMPROMISE CLAIMS** |

After thorough consideration of the *Stipulated Application to Compromise Claims* ("**Application**" )[1] filed by Jill H. Ford, Trustee, and good cause appearing therefor;

THE COURT FINDS that the settlement is in the best interest of the Estate, that the settlement has been duly noticed, with no objections having been received and all other requirements of Bankruptcy Rule 9019 having been satisfied;

**IT IS HEREBY ORDERED** approving Trustee's Application.

**IT IS FURTHER ORDERED:**

a. The Parents shall remit the sum of $10,000.00 ("**Settlement Sum**") to satisfy the Claims, with the Settlement Sum to be remitted within fourteen (14) days of the entry of this Order;

b. Payment shall be in the form of a check or certified funds naming as payee "Jill H. Ford, Chapter 7 Trustee" and mailed to the attention of Helen Santilli at Nach, Rodgers, Hilkert & Santilli at 1220 E. Osborn Rd., Suite 101, Phoenix, AZ 85014;

c. Upon the Trustee's receipt and negotiation of the Settlement Sum, the Trustee shall move to dismiss the Adversary;

---

[1] Unless otherwise defined in this Order, capitalized terms used herein shall have the meaning ascribed to them in the Application.

d. The Parents agree that the failure to timely remit payment to the Trustee will constitute a default under the terms of the Application. In the event of default, a ten (10) day default notice will be delivered to Parents and their attorney. If Parents fail to timely cure the default, Trustee may file an affidavit of non-payment and lodge a proposed judgment for the unpaid balance, and the Trustee will be entitled to make application for any costs and attorneys' fees incurred by the Estate, from the date of default in order to collect the settlement funds (subject to Court approval);

e. Each side shall bear their own fees and costs;

f. Unless referenced herein, nothing herein shall prejudice the Estate's rights, claims, or interests against the Debtors or third parties for any issues other than the defined Claims; and

g. Nothing herein shall prevent the Trustee from selling the obligation for payment due hereunder to a third party (subject to Court approval).

**DATED AND SIGNED ABOVE**